**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| W.H., a Minor, By His Parents | ) | |
| and Next Friends, M.H. and S.H., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-157 |
| | ) | |
| Portage Township Schools Corporation, | ) | |
|     Defendant. | | |

**<u>COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>**

COME NOW, Plaintiffs W.H., a minor, by his parents and next friends

M.H. and S.H. (collectively "Plaintiffs"), and bring this action against Defendant

Portage Township Schools Corporation ("Defendant" or "Portage"), and allege as

follows:

**<u>INTRODUCTION</u>**

1. This is a civil rights, disability discrimination, and constitutional action arising
   from Defendant's systemic exclusion, punitive discipline, unsafe restraint,
   failure to accommodate, and denial of meaningful educational access to a
   disabled minor student.

2. Defendant repeatedly disciplined Plaintiff W.H. for behaviors known to be
   manifestations of his disabilities, failed to provide required behavioral supports
   and evaluations, constructively removed him from public education, and
   subjected him to physical restraint and threats by law enforcement personnel
   acting pursuant to Defendant's policies, customs, and practices.

3. Defendant's conduct denied W.H. a Free Appropriate Public Education ("FAPE"), deprived him of equal access to public education, and violated his rights under the Fourteenth Amendment, the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and Indiana common law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 20 U.S.C. § 1415(i)(2), 42 U.S.C. § 12133, 29 U.S.C. § 794, and 42 U.S.C. § 1983.

5. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to these claims occurred within this District.

## PARTIES

7. Plaintiff W.H. is a fourteen-year-old eighth-grade student enrolled at Willow Creek Middle School within Portage Township Schools Corporation.

8. Plaintiffs M.H. and S.H. are W.H.'s parents and legal guardians and bring this action on his behalf and in their own right.

9. Defendant Portage Township Schools Corporation is an Indiana public school corporation that receives federal funding, including IDEA and Title I funds, and is a public entity within the meaning of the ADA.

## FACTS APPLICABLE TO ALL COUNTS

10. W.H. is a qualified individual with disabilities, including Autism Spectrum Disorder (diagnosed in 2018 and reaffirmed in 2024–2025), ADHD, Borderline Intellectual Functioning, Specific Learning Disorders, Disruptive Mood Dysregulation Disorder, and auditory and visual hallucinations.

11. W.H.'s disabilities significantly impair emotional regulation, sensory processing, impulse control, academic functioning, and behavioral stability, requiring structured supports, autism-specific accommodations, and proactive behavioral intervention.

12. Defendant had actual knowledge of W.H.'s disabilities, behavioral triggers, and support needs through medical documentation, psychological evaluations, and his Individualized Education Program ("IEP").

13. Despite longstanding awareness of W.H.'s Autism diagnosis, Defendant refused to recognize Autism as an educational eligibility category, limiting access to autism-specific services, sensory accommodations, and evidence-based behavioral interventions.

14. As a result, W.H. was denied necessary supports such as sensory breaks, regulation tools, structured replacement-behavior instruction, consistent one-on-one assistance, and autism-informed teaching strategies.

15. Defendant removed or modified services without required IEP Team process or parental consent, including inconsistent provision and later removal of a recommended one-on-one aide.

16. Although enrolled in eighth grade, W.H. performs academically at approximately a fourth- to sixth-grade level, reflecting regression caused by Defendant's failure to provide appropriate instruction.

17. Defendant relied heavily on technology-based instruction rather than intensive teacher-led intervention, which failed to meet W.H.'s educational needs.

18. W.H. was frequently removed from classroom instruction and placed in sensory rooms or isolated spaces without meaningful academic teaching, resulting in substantial lost instructional time.

19. By October 2025, W.H. had virtually ceased consistent classroom participation, amounting to a constructive removal from public education.

20. As a result, Plaintiffs provided approximately five hours of nightly home instruction to prevent further regression.

21. W.H.'s behavioral escalations were predictable, documented, and repeatedly recognized as disability-related.

22. Prior to Thanksgiving 2025, W.H. had already undergone multiple manifestation determination meetings, yet Defendant failed to timely conduct a Functional Behavioral Assessment ("FBA").

23. An FBA was not completed until December 14, 2025, despite escalating incidents requiring earlier intervention.

24. Defendant failed to implement an effective Behavior Intervention Plan ("BIP"), instead relying on suspensions, exclusion, and punitive discipline.

25. On November 12, 2025, Defendant suspended W.H. for throwing objects and elopement, conduct Defendant knew to be manifestations of his disabilities.

26. Defendant failed to revise his IEP, conduct an updated FBA, or provide appropriate behavioral interventions following this suspension.

27. On November 17, 2025, W.H. was again removed from school following disability-related behavior, without proper administrative oversight or required procedural safeguards.

28. W.H. exceeded IDEA's ten-day disciplinary threshold, yet Defendant failed to implement required protections or revise programming.

29. Defendant's pattern of discipline functioned as constructive exclusion from public education.

30. W.H. relies on sensory regulation tools, including fidgets and calming music, to manage distress.

31. Defendant's staff removed these coping supports during moments of dysregulation, escalating rather than stabilizing his behavior.

32. On November 17, 2025, during a behavioral escalation, a School Resource Officer ("SRO") physically restrained W.H., forced his hands behind his back, and threatened arrest and juvenile detention.

33. The SRO reportedly lacked CPI certification and disability-specific de-escalation training, contrary to W.H.'s behavior plan requiring non-contact and space for calming.

34. No administrator with disciplinary authority conducted an investigation, no manifestation determination was timely performed, and no alternative educational services were provided.

35. Following this incident, W.H. was charged with battery and disorderly conduct, and the principal sought expulsion.

36. W.H. was excluded from school until December 3, 2025, causing further educational disruption.

37. Concerns regarding this incident resulted in involvement from Child Protective Services and Adult Protective Services.

38. At a December 3, 2023, manifestation determination meeting, Plaintiffs informed Defendant that W.H. was not safe at school.

39. Despite this warning and knowledge of pending protective-services reports, Defendant failed to implement safety planning, crisis supports, or increased supervision.

40. Defendant's conduct caused emotional distress, educational regression, trauma, and fear of school.

41. Due to Defendant's unsafe and discriminatory practices, Plaintiffs enrolled W.H. in Indiana Connections Academy beginning January 7, 2026, as a temporary placement.

42. Defendant's conduct imposed extraordinary financial, emotional, and caregiving burdens on Plaintiffs, including lost income, increased supervision demands, and emotional distress.

43. Defendant's conduct caused Plaintiffs to suffer and continue to suffer emotionally and financially.

### COUNT I — FOURTEENTH AMENDMENT (EQUAL PROTECTION)

44. Plaintiffs hereby replead and incorporate by reference paragraphs 1–43.

45. Defendant, acting under color of state law, intentionally treated W.H. differently from similarly situated nondisabled students by punishing disability-related behavior and denying equal access to education.

46. Defendant's actions lacked a rational basis and were motivated by discriminatory animus and deliberate indifference.

47. Defendant's conduct was carried out pursuant to official policies, customs, and practices, including punitive responses to disability-related behavior and refusal to provide autism-informed supports.

48. As a result, Plaintiffs suffered and continue to suffer emotionally and financially.

### COUNT II — 42 U.S.C. § 1983

49. Plaintiffs hereby replead and incorporate by reference paragraphs 1–48.

50. Defendant maintained express and de facto policies and customs that caused the violations alleged, including but not limited to:

    a. Failing to train staff in disability-related behavior management;

    b. Deferring disability manifestations to law enforcement;

    c. Failing to conduct required behavioral assessments and implement BIPs;

    d. Permitting exclusion without procedural safeguards; and

    e. e. Refusing Autism classification despite clinical diagnosis.

51. These policies and customs were the moving force behind the constitutional violations suffered by W.H.

52. As a result, Plaintiffs suffered and continue to suffer emotionally and financially.

### COUNT III — AMERICANS WITH DISABILITIES ACT (TITLE II)

53. Plaintiffs hereby replead and incorporate by reference paragraphs 1–52.

54. W.H. is a qualified individual with a disability.

55. Defendant is a public entity subject to Title II of the ADA.

56. Defendant discriminated against W.H. by reason of his disability by excluding him from school, denying reasonable accommodations, relying on punitive discipline, and subjecting him to unsafe restraint.

57. As a result, Plaintiffs suffered and continue to suffer emotionally and financially.

### COUNT IV — SECTION 504 OF THE REHABILITATION ACT

58. Plaintiffs hereby replead and incorporate by reference paragraphs 1–57.

59. Defendant receives federal financial assistance.

60. Defendant excluded W.H. from participation in and denied him educational benefits solely by reason of his disability.

61. As a result, Plaintiffs suffered and continue to suffer emotionally and financially.

## COUNT V — FAILURE TO ACCOMMODATE (ADA & § 504)

62. Plaintiffs hereby replead and incorporate by reference paragraphs 1-61.

63. Defendant knew of W.H.'s disabilities yet failed to provide reasonable accommodations, including autism-informed supports, sensory regulation tools, one-on-one assistance, and behavioral intervention.

64. Defendant's failure to accommodate resulted in exclusion, restraint, emotional harm, and educational loss.

65. As a result, Plaintiffs suffered and continue to suffer emotionally and financially.

## COUNT VI — ASSOCIATIONAL DISCRIMINATION (§ 504)

66. Plaintiffs hereby replead and incorporate by reference paragraphs 1–65.

67. W.H. is a qualified individual with a disability.

68. Plaintiffs M.H. and S.H. are W.H.'s parents.

69. Plaintiffs M.H. and S.H. are persons aggrieved due to Defendant's discrimination based on their association with their disabled child.

70. Defendant excluded Parents from meaningful participation, disregarded their advocacy, and retaliated through exclusionary practices.

71. Plaintiffs suffered and continue to suffer economic loss, caregiving interference, and emotional distress as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request declaratory relief, injunctive relief requiring appropriate accommodations, Autism classification, behavioral supports, and staff training, compensatory education and reimbursement for private placement

8

and services, compensatory and emotional distress damages, attorneys' fees and costs and all other relief deemed just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,
Curlin & Clay Law Association of Attorneys,

*Bridget M. Boland*

Bridget M. Boland (Atty No. 39170-49)
Curlin & Clay Law Association of Attorneys
8510 Evergreen Ave., Ste. 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 536-3663
bboland@curlinclaylaw.com